FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2015 JUL -6  PM 3: 02

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

WILLIAM SINGLETON,

     Plaintiff,

v.

    CASE NO.: 3:15-CV-835-J-32JRK

AMERICAN EAGLE OUTFITTERS, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, William Singleton, brings this action to secure damages from unlawful spam text messages sent by defendant American Eagle Outfitters, Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA restricts the use of automated equipment to dial cellular telephones. The prohibition includes the sending of text messages. *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009) ("a text message is a 'call' within the meaning of the TCPA.").

2.    The TCPA was enacted to prevent companies like American Eagle Outfitters from invading American citizen's privacy and prevent abusive "robo-calls".

1

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC,* -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

### JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 751-53 (2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does business within this District.

8. The alleged violations described in the Complaint occurred in Duval County, Florida.

2

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

10.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014)

11.    Defendant, American Eagle Outfitters, Inc. ("AOE"), is a corporation which was formed in 1977 with its principal place of business in Pittsburgh, Pennsylvania and conducting business in the state of Florida through its registered agent, The Corporation Trust Company, 1209 Orange Street, County of New Castle, Wilmington, Delaware 19801.

12.    AOE texted the Plaintiff at (904) 697-6946 approximately fifty(50) times, since April 2014, in an attempt to solicit business.

13.    On information and belief, the texts were placed using automated telephone dialing equipment, without human intervention.

14.    Each text made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15.    Each text made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

16.   AOE has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

17.   AOE has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Plaintiff, to remove the incorrect number.

18.   AOE's corporate policy is structured as to continue to text individuals like the Plaintiff, despite these individuals explaining to AOE to take them off of their list.

19.   AOE has other federal lawsuits pending against them alleging similar violations as stated in this complaint.

20.   AOE has complaints against them across the country asserting that their automatic telephone dialing system continues to text the wrong people.

21.   AOE has complaints from consumers against them across the country asking to not be texted, however the Defendant continues to text.  See *Melito v. American Eagle Outfitters, Inc. et al* (1:14-cv-02440), New York Southern District Court; *Wood v. American Eagle Outfitters, Inc. et al* (1:15-cv-00570), Illinois Northern District Court; and *Legg v. American Eagle Outfitters, Inc.* (0:14-cv-61058) Florida Southern District Court.

22.   AOE's corporate policy provided no means for the Plaintiff to have his number removed from the text list.

4

23.     AOE has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be texted.

24.     Plaintiff did not expressly consent to AOE's placement of texts to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to AOE's placement of the calls.

25.     None of AOE's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

26.     AOE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

27.     Plaintiff began receiving a series of text messages from AOE placed from text number 32433.   There were more than 50 messages.

28.     The following is illustrative of some of the text messages sent to Plaintiff:

       a.     *"Party Time Eggcellent 40% Off"*

       b.     *"50% Off Clearance"*

       c.     *"48 Hours Only Jeans Under $30"*

29.     On or about May 1, 2014, Mr. Singleton replied to the text messages informing AOE, "Stop texting because I'm not interested".

30.     The messages continued.

31.     On information and belief, the text messages were sent using automated equipment, without human intervention.

32.    Plaintiff did not authorize the automated placement of texts to his cell phone by defendant.

33.    Plaintiff did not furnish his cell phone number to Defendant.

34.    Plaintiff is entitled to statutory damages.

35.    Defendant violated the TCPA even if their actions were only negligent.

36.    Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

### (Violation of the TCPA)

37.    Plaintiff incorporates paragraphs 1-36.

38.    AOE willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was texting the wrong number and to stop texting Plaintiff.

39.    AOE knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was texting the wrong number and to stop calling Plaintiff.

40.    AOE repeatedly placed non-emergency texts to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

41.     AOE violated the TCPA by placing automated text messages to plaintiff's cell phone, as outlined in Paragraphs 1-36.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against AMERICAN EAGLE OUTFITTERS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/William Howard
William Peerce Howard, Esquire
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 221-6590 Telephone
(813) 222-4747 Facsimile
whoward@forthepeople.com
wphpleadings@forthepeople.com